UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WADE ALAN KNIGHT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF ELKO, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-CV-00343-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court are Plaintiff Wade Alan Knight's ("Knight") applications to proceed *in forma pauperis*, (ECF Nos. 1, 4, 5), and civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Knight's *in forma pauperis* application, (ECF Nos. 1, 4, 5), be denied as moot, and the complaint, (ECF No. 1-1), be dismissed.

**I.　*IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the applications to proceed IFP reveal Knight cannot pay the filing fee. (*See* ECF Nos. 1, 4, 5.) However, because the Court recommends the complaint be dismissed without prejudice, but without leave to amend, the Court recommends the IFP applications be denied as moot.

## II.   SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify

that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.  SCREENING OF COMPLAINT

In his complaint, Knight, a pretrial detainee currently in the custody of the Elko County Jail, sues Defendants City of Elko, County of Elko, Elko Police Chief Ty Trouten, Corporal Checketts, Officer Bart Ortiz, Officer Andrew Cunningham, Officer Ballensky, Sheriff Aitor Narvaiza, and Lt. Parry (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Knight asserts violations of his First, Second, Fourth, Eighth, and Fourteenth Amendment rights in relation to an arrest and subsequent detention. He seeks $2.2 million in punitive damages and $2.2 million in compensatory damages and for defendants to be "retrained". (*Id.*)

In reviewing the complaint, it appears Knight is asking the Court to intervene in ongoing state criminal proceedings related to a traffic stop, arrest, and subsequent detention occurring in Elko, Nevada. (*Id.*) However, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*,

571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity… to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). Because it appears Knight's criminal case is still pending, all prerequisites of the *Younger* abstention doctrine are present. Knight is the subject of an ongoing criminal proceeding in state court that has not reached final adjudication. The City of Elko has an important interest in protecting the public through the prosecution of criminal proceedings. Further, the state court criminal proceedings would afford an opportunity for Knight to raise the constitutional claims asserted in the complaint.

Accordingly, the Court recommends that complaint be dismissed without prejudice, but without leave to amend.

IV.  **CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Knight's *in forma pauperis* applications, (ECF Nos. 1, 4, 5), be denied as moot, and the complaint, (ECF No. 1-1), be dismissed, without prejudice, but without leave to amend.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and

Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the *in forma pauperis* applications, (ECF Nos. 1, 4, 5), be **DENIED as moot**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Knight's complaint, (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1), be **DISMISSED without prejudice, but without leave to amend.**

**DATED**: September 15, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**